**Duan Hang CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

No. 08–4808–ag.

United States Court of Appeals, Second Circuit.

May 4, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

104

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. PIERRE N. LEVAL, and Hon. RICHARD C. WESLEY, Circuit Judges.

Attorney General Michael B. Mukasey as re-

## SUMMARY ORDER

Petitioner Duan Hang Chen, a citizen of the People's Republic of China, seeks review of a September 5, 2008 order of the BIA affirming the January 9, 2008 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Duan Hang Chen*, No. A200 038 887 (B.I.A. Sept. 5, 2008), *aff'g* No. A200 038 887 (Immig. Ct. N.Y. City, Jan. 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

For applications governed by the amendments to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

The agency's adverse credibility finding was supported by substantial evidence,

spondent in this case.

where it was based on Petitioner's demeanor, his implausible and inconsistent testimony, striking similarities in his evidentiary submissions, and a lack of corroborating evidence. *See Xiu Xia Lin,* 534 F.3d at 167. Despite Petitioner's arguments, we defer to the IJ's assessment of his demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). Moreover, we find no error in the IJ's finding that Petitioner's father's affidavit was so strikingly similar to Petitioner's asylum application as to cast doubt on Petitioner's denial that his father had seen his application, and his assertion that the documents were similar only because his father knew all that had happened to him in China; no reasonable factfinder would be compelled to accept this explanation. *See Majidi,* 430 F.3d at 80–81 (holding that the agency need not credit an explanation unless a reasonable fact-finder would be compelled to do so); *see also Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 524 (2d Cir.2007) (stating that "striking similarities between affidavits are an indication that the statements are 'canned' "); *Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir. 2006) (finding an IJ's adverse credibility determination, which was based in part on "the nearly identical language of the affidavits ... submitted," supported by substantial evidence).

The IJ also observed that contrary to Petitioner's asylum claim, he stated to a border patrol agent upon his arrival that he had come to the United States to seek employment. While the agency must recognize that an applicant may not be entirely forthcoming in an initial interview "because those most in need of asylum may be the most wary of governmental authorities," *Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005) (quoting *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004)), Petitioner does not argue that he was afraid to tell the truth.[2] Rather, Petitioner argues only that he never told the Border Patrol Agent that he came to the United States to work. No reasonable factfinder would be compelled to accept this explanation. *See Majidi,* 430 F.3d at 80–81.

Because the IJ found multiple reasons why Petitioner was not credible, it was not improper under the provisions of the REAL ID Act for the IJ to rely additionally on the absence of available evidence which may have corroborated Petitioner's alleged practice of Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

The foregoing findings demonstrate that the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin,* 534 F.3d at 165–66. Accordingly, the agency's denial of Petitioner's application for asylum was not improper. Likewise, the agency properly denied his application for withholding of removal and CAT relief because the only evidence that Petitioner would be persecuted or tortured depended on his credibility.[3] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (holding that where the only evidence of a threat to the peti-

---

**2.** There is no indication that the agency ignored our decision in *Ramsameachire* in evaluating the record of Petitioner's initial interview at the border. *See* 357 F.3d at 178–80. Rather, the IJ examined that record, noted that Petitioner signed the statement, and examined any possible motivations for the border patrol agent to have created a false re-

sponse as to Petitioner's reason for coming to the United States.

**3.** Petitioner has waived any argument that he would be tortured for having illegally departed China. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

tioner's life or freedom depended upon the petitioner's credibility, an adverse credibility determination necessarily precludes success on the claim for withholding of removal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).